UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CATANZARITE,<br><br>              Plaintiff,<br><br>         v.<br><br>DR. JEFFREY BEARD,<br><br>              Defendant. | Case No.: 1:13-cv-00182-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

    Plaintiff John Catanzarite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 4, 2013. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

In July 2009, the California Department of Corrections and Rehabilitation (CDCR) redesigned the departmental appeals form relative to inmate appeals.  In doing so, the department "consciously and methodically" reduced the allowable space in which to articulate and dispute a given issue by a significant margin, thereby making it virtually impossible to submit an effective appeal.

The space available to articulate the issues, facts, and other relative information has been so significantly reduced, the department has effectively eliminated the ability to appeal complex issues such as validation, classification decisions, and segregation terms.

Plaintiff seeks an order directed the department to redesign the inmate appeals form (CDCR 602) to allow for the same amount of space to articulate an issue as allowed by the former version of the form, allow for a total of five attachments as standard procedure, and any other relief as the Court deems just.

///

# III.
# DISCUSSION

### A.  Inmate Appeals Process

Plaintiff names the Secretary of CDCR, Dr. Jeffrey Beard, as Defendant in this action. Plaintiff seeks to impose liability on him based on the restructure of the CDCR appeals form which he claims has effectively eliminated the ability to appeal complex prison issues based on the limited space available to set forth the issue.

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. The inmate appeal typically proceeds through three levels of review and requires an inmate to appeal within the timeframes set forth by the California Code of Regulations. Id. at § 3084.7, § 3084.8. Inmates initiate an appeal by submitting a CDCR Form 602 or "inmate appeal" to the first level. Id. at § 3084.2(a), 3084.7(a). When prison personnel deny a first level appeal, a prisoner must appeal to the second level of review. Id. at § 3084.7(b). The second level must be completed prior to submitting a third level of review. Id. A third level review generally exhausts a prisoner's administrative remedies. Id. at 3084.7(c). "The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." Jones v. Bock, 549 U.S. 199, 218 (2007)

Section 3084.2 of Title 15 of the California Code of Regulations currently states:

(a) The appellant shall use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested.  A CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment, which is incorporated by reference, shall be used if additional space is needed to describe the issue under appeal or the relief requested.

(1) The inmate or parolee is limited to one issue or related set of issues per each Inmate/Parolee Appeal form submitted.  The inmate or parolee shall not combine unrelated issues on a single appeal form for the purpose of circumventing appeal filing requirements.  Filings of appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals coordinator with an explanation that the issues are deemed unrelated and may only be submitted separately.

(2) The inmate or parolee is limited to the space provided on the Inmate/Parolee Appeal form and one Inmate/Parolee Appeal Form Attachment to describe the specific issue and action requested.  The appeal content must be printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font.  There shall be only one line of text on each line provided on these forms.

(3) The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.  To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.  If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

(4) The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code. Regs., tit. 15, § 3084.2(a)(1)-(4).

Plaintiff makes no allegation that Defendant Beard was personally involved in the alleged redesigning of the CDCR appeal forms, Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The regulations involving the administrative appeal process are purely procedural- they require the establishment of a procedural structure for reviewing prisoner complaints and set forth

4

no substantive standards.  Although the regulations provide certain limitations on the amount of documents and attachments that are allowed to be submitted, the requirement is merely  procedural, which even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Ramirez, 334 F.3d at 860.  There being no foreseeable basis upon which Plaintiff could correct the defects in his claim involving the appeal process and forms, leave to amend would be futile.[1] Accordingly, the instant complaint shall be dismissed, without leave to amend, for failure to state a cognizable claim.

IV.

ORDER

Based on the foregoing, it is HEREBY ORDERED that the instant action is dismissed, without leave to amend, for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **November 18, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).